IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARRYL WARE, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| DAMIEN CRUZ, Badge #792, | : | CIVIL ACTION NO. |
| Detective, | : | 1:15-CV-3375-WSD-JFK |
| et al., | : | |
|    Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Darryl Ware, confined in Johnson State Prison in Wrightsville, Georgia, has submitted a *pro se* civil rights complaint. The Court previously granted Plaintiff *in forma pauperis* status, and the matter is now before the Court on the complaint [1] for screening under 28 U.S.C. § 1915A.

I. **28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it

"lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham, 654 F.3d at 1175. Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d

2

1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.    Discussion

Plaintiff brings this 42 U.S.C. § 1983 action against Detective Damien Cruz, the City of Lawrenceville, Police Chief Charles M. Walters, Commissioner Homer Bryson, Attorney General Samuel S. Olens, Commissioner Charlotte J. Nash, and District Attorney Danny Porter. (Compl. at 1, ECF No. 1). Plaintiff asserts that on March 25, 2008, in the Superior Court of Gwinnett Court, Cruz gave false testimony against Plaintiff and that his attorney was seated right next to Plaintiff and heard the detective commit perjury. Plaintiff asserts that if it had not been for Cruz's perjury, he would not have been convicted. (¶ IV). Plaintiff seeks damages. (¶ V).

3

Plaintiff previously brought this same claim in Ware v. Gwinnett Cty. Police Dep't, No. 1:12-cv-1032-WSD (N.D. Ga. Sept. 26, 2012) (hereinafter Ware).  In that case, the undersigned submitted a Final Report and Recommendation (R&R) in which it was recommended, among other things, that the action was barred by the applicable limitations period and that Cruz was protected by absolute immunity for his actions as a state witness.  R&R at 4-6, Ware.  Before the Court adopted the R&R, however, Plaintiff voluntarily dismissed the action.  Voluntary Dismissal, Ware.

Plaintiff's current claims fail for the same reasons as previously stated.  See Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) ("[W]itnesses in criminal trials and grand jury proceedings are afforded absolute immunity."); Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (stating that § 1983 actions in Georgia are subject to a two-year limitations period).  Accordingly, it is recommended that this action be dismissed for failure to state a claim.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 24th day of November, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)