IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DARRYL WARE,**

        **Plaintiff,**

**v.**                                       **1:15-cv-3375-WSD**

**DAMIEN CRUZ, et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [5] ("R&R"), recommending that this action be dismissed for failure to state a claim upon which relief may be granted.

On September 21, 2015, Plaintiff Darryl Ware ("Plaintiff"), a prisoner, proceeding *pro se*, filed his Civil Rights Complaint Pursuant to 42 U.S.C. 1983 [1] ("Complaint"). Plaintiff asserts that he was convicted of the offense for which is incarcerated because, in March 2008, Detective Damien Cruz ("Cruz") gave false testimony against him in the Superior Court of Gwinnett County, Georgia. Plaintiff seeks damages.

On November 24, 2015, the Magistrate Judge screened Plaintiff's Complaint and issued her R&R, recommending that this action be dismissed for failure to

state a claim upon which relief may be granted.[1]  The Magistrate Judge found that Plaintiff's claim is untimely because Cruz's alleged perjury occurred in May 2008 and, in Georgia, section 1983 actions are subject to a two-year limitations period. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  The Magistrate Judge found further that Plaintiff's claim is barred because, as a witness in a criminal proceeding, Cruz was protected by absolute immunity.  See Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) ("[W]itnesses in criminal trials and grand jury proceedings are afforded absolute immunity."); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Witnesses are granted absolute immunity for their testimony during trials and during grand jury proceedings. . . .  Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial or in front of the grand jury." (citations omitted)).  Plaintiff has not filed objections to the R&R, and the Court finds no plain error in the Magistrate Judge's determinations.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984) (noting that plain error is the appropriate

---

[1] A federal court must screen a prisoner's complaint to determine whether the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

standard of review for magistrate judge findings to which objections are not asserted).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [5] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 27th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE